**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRENDA LAWSON,

                    Plaintiff,

v.                                                    CIVIL ACTION NO.  2:19-cv-00634

CITY OF DUNBAR,

                    Defendant.


**ORDER**

Pending before this Court is a Complaint filed by Plaintiff Brenda Lawson ("Plaintiff"). (ECF No. 2.)  By standing order entered on January 4, 2016, and filed in this case on September 4, 2019, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Judge Tinsley filed his PF&R on July 15, 2020, recommending that this Court find that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant City of Dunbar ("Defendant").  (ECF No. 4.)  On September 3, 2020, this Court adopted the PF&R and dismissed this action without prejudice.  (ECF No. 5.)  However, a week later, Plaintiff filed a Motion to Reopen the Case.  (ECF No. 7.)  Per an October 13, 2020 Order, this Court granted the Motion to Reopen the Case and directed Plaintiff to file specific objections to the PF&R no later than October 27, 2020.  (ECF No. 10.)  While Plaintiff did timely file a document titled "Objections", this document failed to substantively address the PF&R and failed to specifically object to the

1

substance or findings in the PF&R.  (*See* ECF No. 11.)  The stated objections merely amount to a brief and general recitation of the allegations in her Complaint.  (*Compare* ECF No. 2 *with* ECF No. 11.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no specific objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely and specific objections constitute a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Moreover, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on October 27, 2020.  (ECF No. 10.)  To date, Plaintiff has failed to submit any specific objections in response to the PF&R that are not merely general or conclusory in their nature.  This failure constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the **PF&R**, (ECF No. 4), in full and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.  (ECF No. 2.)  The Court **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 20, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE

3